UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD JENKINS                              CIVIL ACTION

VERSUS                                      NO: 11-1864

AEP RIVER OPERATIONS, LLC                   SECTION: "A" (4)

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 31)** filed by defendant AEP River Operations, LLC. ("AEP"). Plaintiff Ronald Jenkins opposes the motion. The motion, scheduled for submission on September 12, 2012, is before the Court on the briefs without oral argument.

AEP owns and operates a barge wash and repair facility located on the Mississippi River in Convent, Louisiana. On a daily basis barges owned both by AEP and other parties are brought to the facility for service. Laborers clean the barges so that they can be used for new cargoes at terminals located in the area.

On October 27, 2010, Plaintiff Ronald Jenkins was an employee of Diamond L. Services, Inc. working at the AEP's dock in Convent, Louisiana. On that date Jenkins alleges that he was injured when a high pressure hose hit him. (Comp. ¶ 4). Jenkins, who is covered by the LHWCA, is suing AEP for negligence

1

under general maritime law under the auspices of 33 U.S.C. § 905(b).

Via the instant motion AEP moves for summary judgment arguing that it is immune in tort because Jenkins was its borrowed employee at the time of his injury. If this is true then Jenkins's exclusive remedy would be for LHWCA benefits rather than for damages in tort. This matter is scheduled to be tried to the bench on October 17, 2012.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing

2

Fed. R. Civ. P. 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. <u>Id.</u> (<u>citing</u> <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1993)).

In <u>Ruiz v. Shell Oil Co.</u>, 413 F.2d 310, 312-13 (5th Cir. 1696), the Fifth Circuit discussed several factors that courts should consider when a defendant asserts the borrowed servant defense: 1) the amount of control the borrower has over the servant and his work; 2) whether there is an agreement or understanding between the borrower and the lender; 3) agreement or acquiescence by the servant that he is employed by the borrower; 4) temporary termination by the general employer of its relationship with the servant; 5) furnishing by the borrower of the necessary instruments and the place for performance of the work in question; 6) employment of the servant over a considerable length of time; 7) the fact that work being performed is that of the temporary employer; 8) customary right to discharge the servant; and 9) obligation for payment of the servant's wages. No one factor or combination of factors is decisive and no test has been fixed to determine the existence of a borrowed servant relationship. <u>Trevino v. Gen. Dynamics Corp.</u>, 865 F.2d 1474, 1488 (5th Cir. 1989) (<u>citing</u> <u>Alday v. Patterson</u>

3

Truck Line, Inc., 750 F.2d 375, 376 (5th Cir. 1985)).  The degree of control an employer has over the employee and the employee's work, however, has generally been considered to be the most important of the considerations.  Id. (citing West v. Kerr-McGee Corp., 765 F.2d 526, 530-31 (5th Cir. 1986); Hebron v. Union Oil Co., 634 F.2d 245, 247 (5th Cir. Unit A Jan. 1981)).

In support of its motion AEP has submitted several exhibits–a declaration from its Administration Manager (Exh. A), a copy of a master services agreement ("MSA") (Exh. A-1), excerpts from Plaintiff's deposition (Exh. B), and payroll records from Plaintiff's employer, Diamond L. Services, Inc. (Exh. C).  AEP contends that this evidence shows that all of the Ruiz factors point in favor of borrowed servant status and that judgment as a matter of law is therefore appropriate.

Genuine issues of material fact preclude summary judgment as to borrowed servant status, particularly with respect to the question of control.  The submissions of record do not firmly establish that AEP's characterization of the control aspect of the relation is accurate.  According to Plaintiff Diamond had at least one supervisor at the work location who directed the employees' efforts.

Further, AEP's contention that all of the other factors militate in favor of borrowed servant status is simply not correct.  For instance, the record does not establish that

4

Jenkins had temporarily terminated his relationship with Diamond or that AEP paid Jenkins's wages. The payroll records attached to AEP's motion demonstrate that Diamond paid Jenkins's wages.

Further, the record does not establish what the agreement or understanding was between AEP and Diamond. AEP submitted an MSA for this purpose but the AEP entity named in this lawsuit is not a party to that agreement. But even if this MSA does define the relationship between Diamond and AEP, Section D of the MSA indicates that Diamond is to supervise its own laborers and Section M explicitly states that Diamond is to be considered an independent contractor and that none of its employees are to be deemed an employee for any purpose. (Exh. A-1, at 2, 7).

In sum, AEP is not entitled to judgment as a matter of law. Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 31)** filed by defendant AEP River Operations, LLC. is **DENIED**.

September 18, 2012

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE